NOBLE W. HASTEN, et al., *vs.* BALTIMORE & OHIO RAILROAD.

Cumberland.    Opinion September 22, 1916.

*Chapter 84, Section 54, Revised Statutes, interpreted.    New Trial.    Motions for new trial; when made.    When decree granting new trial shall be filed.*

The power of the Justices of the Supreme Judicial and Superior Courts to grant new trials in civil cases, given them by R. S., Chap. 84, Sec. 54, must be fully and completely exercised by them at the term at which the verdict was rendered.

Action of assumpsit to recover wages due plaintiffs, tried at March term, 1915, Superior Court, Cumberland county.    Actions were brought under and by virtue of an assignment claiming to have been given by real plaintiffs.    At trial, signatures of assignors were denied.    Verdict for defendant.    Plaintiff filed motion for new trial.    Hearing upon same was had, but no docket entry was made of the finding of the court and no record made until February term, 1916, when the docket entry showed that motion for new trial had been granted.    Defendant filed exceptions to the decree or order of the presiding Justice.    Exceptions sustained.

Case stated in opinion.

*Anthoine & Talbot,* for plaintiffs.

*Symonds, Snow, Cook & Hutchinson,* for defendant.

SITTING:  SAVAGE, C. J., CORNISH, KING, BIRD, HALEY, PHIL-BROOK, JJ.

BIRD, J.  This cause was tried before a jury at the March term, 1915, of the Superior Court of Cumberland county.    A verdict was rendered for defendant.    At the same term the plaintiff filed a motion for new trial addressed to the presiding Justice and it was then heard.    At the same term the presiding Justice signed a decree or order to the effect that the motion for new trial be granted

and a new trial ordered.   The conclusion of the presiding Justice was not announced nor was his decree or order filed before final adjournment of the term.   At the February term, 1916, the presiding Justice filed the order above recited and by his direction, the following entry was made upon the docket "Feb. T. 1916. 10d. Decree of thirtieth day of March term, 1915, granting motion for new trial f'd."   To the decree or order and its filing the defendant excepted.

In 1841, the Legislature enacted that motions for new trials as against law or evidence be heard by the Law Court.   Pub. Laws, 1841, c. 171, § 19 (R. S., 1841, c. 115, § 10).   The jurisdiction thus conferred was exclusive as regarded civil actions.   See *Wallace* v. *Columbia,* 48 Maine, 436, 439; see also *State* v. *Hill,* 48 Maine, 241 and *State* v. *Gilman,* 70 Maine, 329, 334.   In 1872 .it was provided that "any justice of the Supreme Judicial Court may set aside a verdict and grant a new trial in a case tried before him when in his opinion the evidence in the case demands it.   Such verdict must be set aside at the same term at which it was rendered.   .   .   ."   Pub. Laws, 1872, c. 83.

This provision as amended by c. 44 of the Pub. Laws of 1881, giving the same power to justices of the Superior Courts, has now become § 54 of c. 84, R. S. (1903).   In it must be found whatever power to grant new trials is now enjoyed by the justices mentioned. By the clear words of the statute this power must be exercised by the Justice at the term at which the verdict was rendered.   And it is so held in *Averill* v. *Rooney,* 59 Maine, 580, 581 and *McKenney* v. *Alvord,* 73 Maine, 221, 225.

It is unnecessary to say that a verdict is not set aside merely because the mind of the justice hearing the motion reaches a conclusion favorable to the movent unless such conclusion is evidenced by matter of record, or by some order or finding which may become matter of record.   This is not the case of the seasonable filing of an order or due declaration of a decision or order which is not entered or minuted through the ommission or misprision of the clerk.   See *Lewis* v. *Ross,* 37 Maine, 230, 233, 235; *Limerick, Pet'r,* 18 Maine, 183, 186, 187; *Hall* v. *Williams,* 10 Maine, 278, 290.

The exceptions must be sustained and plaintiff remitted to such proceedings for a new trial after judgment as the law affords.

*Exceptions sustained.*